UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Loraine Catlin, | Civil No. 15-04 (DWF/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Wal-Mart Stores, Inc., | |
| Defendant. | |

Jason Hungerford, Esq., Kate A. Fisher, Esq., Matthew H. Morgan, Esq., and James H. Kaster, Esq., Nichols Kaster, PLLP, counsel for Plaintiff.

Joseph D. Weiner, Esq., and Stephanie D. Sarantopoulos, Esq., Littler Mendelson, PC, counsel for Defendant.

# INTRODUCTION

This matter is before the Court on Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart" or "Defendant") Motion to Dismiss. (Doc. No. 6.) For the reasons set forth below, the Court denies the motion.

# BACKGROUND

## I. Factual Background

Plaintiff Loraine Catlin ("Catlin" or "Plaintiff") began working for Wal-Mart as an Inventory Control Specialist on or around March 2000 at the Wal-Mart Supercenter in Rochester, Minnesota, at store #2812. (Doc. No. 13, First Am. Compl. ("FAC")

¶¶ 29-30.)  Her store manager was Kevin Hart ("Hart").  (*Id.* ¶ 30.)  Catlin voluntarily ended her employment on or around September 2000.  (*Id.*)

Catlin alleges that Wal-Mart failed to promote her based on her sex.  (*Id.* ¶¶ 31-38.)  Catlin alleges she wanted to make a career at Wal-Mart.  (*Id.* ¶ 31.)  Specifically, Catlin alleges that she became aware of an Inventory Control Specialist manager position and that she applied for that opening by speaking to the lead human resources and payroll personnel.  (*Id.* ¶¶ 32-33.)  Catlin alleges that Wal-Mart maintained records and data documenting job openings and employee interest in those openings at this time.  (*Id.* ¶ 34.)  Catlin further alleges that she was told that Wal-Mart wanted to hire a man for the position, that Wal-Mart would not hire a woman for the position, and that Wal-Mart ultimately denied Catlin the promotion and hired a male instead.  (*Id.* ¶¶ 35-37.)

Catlin further alleges that her compensation as an Inventory Control Specialist was less than her male counterparts.  (*See id.* ¶¶ 39-46.)  At the time that Catlin was hired, Wal-Mart hired two other male workers, Nick and Ron, and one other female worker, Julie, as part of the Inventory Control Specialist team.  (*Id.* ¶ 40.)  Catlin alleges that she was made aware that the two male workers received $8.50 an hour while she was earning $7.25 an hour, despite the fact that she had more experience than the two male workers.  (*Id.* ¶¶ 41-42.)  Catlin alleges that she brought the discrepancy in pay to the attention of Hart.  (*Id.* ¶ 45.)  In response, Hart raised Catlin's wage to $8.50, but he did not offer her back pay.  (*Id.*)  Catlin also alleges that the disparity in male-female pay was common knowledge and that raises and bonuses were higher for men.  (*Id.* ¶¶ 45-46.)

## II. Procedural Background

### A. Catlin's Action

Catlin filed a gender discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in April 2012 (the "Charge"). (*Id.* ¶ 19; *see also* Doc. No. 9 ("Sarantopoulos Aff.") ¶ 2, Ex. A.) In the Charge, Catlin alleged that she was paid less than her male counterparts and that she did not receive a promotion based on her gender. (FAC ¶¶ 31-42.) She also alleged that she was a member of the *Dukes* class (detailed below), that she worked at the Wal-Mart Supercenter, store #2812, in Rochester, Minnesota, and that she was an hourly employee. (*Id.*) On June 14, 2013, Catlin also responded to an EEOC questionnaire ("June Response"). (*Id.* ¶ 20; Doc. No. 15 ("Hungerford Decl.") ¶ 3, Ex. G.) In her June Response, Catlin added information regarding the difference in pay rate between men and women, as well as information about the incident where a male was hired for the manager position for which she had applied. (*Id.*) On September 19, 2014, Catlin further provided information to the EEOC detailing her alleged promotion discrimination and pay discrimination ("September 2014"). (*Id.* ¶ 21; Hungerford Decl. ¶ 3, Ex. H.) On November 24, 2012, the EEOC issued Catlin a right-to-sue letter. (FAC ¶ 24.)

On January 2, 2015, Catlin filed her initial complaint with this Court. (Doc. No. 1, Compl.) In her complaints,[1] Catlin included the allegations found in her EEOC charge,

---

[1] Plaintiff filed her FAC contemporaneously with her response to Defendant's motion to dismiss. For purposes of this motion, the Court bases its analysis on the original Complaint, and to the extent the Court references both complaints their differences do not impact its analysis for this motion.

and detailed above in Section I, regarding gender discrimination. (*Id.* ¶¶ 47-51.) In her complaints, Plaintiff asserts the following claim: Violation of Title VII of the Civil Rights Act of 1964 (Sex Discrimination). (Compl. ¶¶ 29-33; FAC ¶¶ 47-51.) Wal-Mart now moves to dismiss the FAC under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 6.)

B. **The *Dukes* Litigation**

On June 8, 2001, Plaintiff Betty Dukes ("Dukes") filed an individual *pro se* complaint against Wal-Mart in the District Court for the Northern District of California. *Dukes v. Wal-Mart Stores, Inc.*, Civ. No. 01-02252 (N.D. Cal. Compl. filed on June 8, 2001). On June 19, 2001, Dukes filed an Amended Complaint on her behalf and on behalf of all others similarly situated. *Id.* (First Am. Compl. filed on June 19, 2001); *see also* Hungerford Decl. ¶ 3, Ex. B (Order Granting Plaintiffs' Motion for Leave to Amend, dated Sept. 2, 2002 in *Dukes v. Wal-Mart Stores, Inc.*, Civ. No. 01-02252 (N.D. Cal.)).

On June 21, 2004, the California district court certified a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure for "[a]ll women employed at any Wal-Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices." *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 188 (N.D. Cal. 2004). Wal-Mart appealed the district court's class certification decision to the Ninth Circuit Court of Appeals. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2011). The Ninth Circuit affirmed class certification for class members employed at the time that the original *Dukes* complaint was filed (June 8, 2001) and further held that the district court

4

could, at its discretion, certify a separate Rule 23(b)(3) class of former employees. *Id.* (stating that "former employees . . . may be eligible to receive back pay and punitive damages"). Specifically, the Court stated:

> [W]e affirm the district court's certification of a Rule 23(b)(2) class insofar as the class consists of current employees (as of the date the complaint was filed), with respect to claims for injunctive relief, declaratory relief and back pay. On remand, the district court should analyze whether certification under Rule 23(b)(2) or Rule 23(b)(3) is appropriate for the punitive damages claims and whether an additional class or classes may be appropriate under Rule 23(b)(3) with respect to the claims of former employees.

*Id.* at 624.

Wal-Mart appealed the Ninth Circuit's ruling on class certification to the United States Supreme Court and the Supreme Court granted certiorari on December 6, 2010. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 795 (2010). Ultimately, the Supreme Court held that there was no common question and reversed class certification. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556-57 (2011).

After the Supreme Court's decision, Plaintiffs moved the California district court for an order tolling the statute of limitations for all "formerly certified class members" so that individuals could pursue separate cases or other avenues of potential relief. (Hungerford Decl. ¶ 3, Ex. C.) Wal-Mart opposed the motion. (Hungerford Decl. ¶ 3, Ex. D.) At the hearing for the motion, Wal-Mart agreed to extend tolling for "all whose claims were raised by the class certification," and had the following exchange with the court:

> **The Court**: But I want to make sure that I understood exactly what Wal-Mart's position is with respect to the issue of tolling. And - - get my

notes. As I understand it, your position is that all former class members
should be given the entire Title 7 Statute of Limitations period; is that
correct?

**Mr. Boutrous**: That is correct, Your Honor, all whose claims were raised
by class certification, that's correct.

**The Court**: Okay, so they would have a full 90, even though they may
have, and I want to make this absolutely clear: Even though they may have
- - already 89 days have already expired on their claim, no matter how one -
- given your view of how tolling works, and so forth, it may be your
position that they only have one day to do it: At that point, I now
understand your position, it's to give them a full 90 days from this day
forward - - from the day I decide this motion forward.

**Mr. Boutrous**: That's correct, Your Honor, start the clock fresh. And
same with people who have not filed EEOC charges - -

**The Court**: Start it fresh. So the people who have not filed the EEOC
charges would get 180 days or 300 days, is that correct, depending on the
relevant Statute of Limitations with respect to that?

**Mr. Boutrous**: That is correct, Your Honor, that's our position.

(Hungerford Decl. ¶ 3, Ex. E.) The district court issued an order that extended the tolling period as follows:

> All former class members who have an EEOC notice to sue shall
> have until October 28, 2011 to file suit. All former class members who
> have never filed an EEOC charge shall have until January 27, 2012 to file
> charges with the EEOC in those states with 180 day limits and until May
> 25, 2012 to file charges with the EEOC in those states with 300 day limits.

(Hungerford Decl. ¶ 3, Ex. F.)

## DISCUSSION

I.      **Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts

6

in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Tolling

### A. Timeliness

Defendant seeks dismissal of this action on the grounds that it was untimely filed. A plaintiff seeking relief under Title VII must exhaust her remedies before bringing suit

in federal court by, in part, timely filing an administrative charge with the EEOC. *See Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) (citations omitted). Claims like Catlin's must be filed within 300 days after the alleged unlawful employment practice occurred to be timely. *See* 42 U.S.C. § 2000e-5(e)(1). However, in this case, tolling applies to certain class members' claims. Typically, the "commencement of the original class suit" begins tolling the statute of limitations for individual claims of discrimination for all purported class members. *Am. Pipe*, 414 U.S. at 553. Here, Dukes filed her original suit on June 19, 2001, which is when tolling begins. However, tolling does not continue indefinitely and ends when class certification is denied or when a class is decertified. *Id*. at 554. Thus, in this case, if tolling is applicable to Catlin, she must have filed her EEOC charge within 300 days from the date that class certification was denied or when the class was decertified.

Defendant asserts that because Plaintiff's claims were not filed within 300 days of any alleged unlawful employment practices in 2000, her claims are time barred. Defendant argues that the tolling period that was applicable to the *Dukes* class is not applicable to Plaintiff. Specifically, according to Defendant, tolling under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), applies only to "former class members," which excluded employees who had not been employed on or after June 8, 2001, and therefore excluded Plaintiff. Defendant contends that:

> When the Ninth Circuit upheld class certification in part, it barred Associates who separated from Walmart before June 8, 2001. . . When the Supreme Court in turn decertified the remaining class, it reiterated that the class before it did not include any Associates who were employed

> prior to June 8, 2001, as those Associates had already been excluded from the *Dukes* class.

(Doc. No. 8 at 7.) Thus, Defendant argues that because tolling ends when class certification is denied or decertified, Plaintiff's statute of limitations began to run on the date the Ninth Circuit's mandate issued—October 20, 2010—and expired 300 days after that date—on August 16, 2011. As a result, Catlin's April 2012 filing with the EEOC was untimely, she failed to exhaust her administrative remedies, and this action must be dismissed.

Plaintiff, however, contends that Wal-Mart's argument is premised on the erroneous view that the Ninth Circuit's decision constituted denial of certification or decertification with respect to former employees in the *Dukes* matter. Plaintiff asserts that Wal-Mart should be estopped from making its argument because it agreed and conceded that tolling extended to former class members like Caitlin in front of the district court in California. Plaintiff further asserts that even if Wal-Mart is not estopped, Wal-Mart's timeliness claim fails on its merits because tolling clearly applied to Caitlin based on the plain language of the Ninth Circuit's ruling. The Court first addresses whether Wal-Mart's argument fails on the merits and concludes that it does.

In the underlying *Dukes* action, the California district court certified a proposed class of current employees with respect to claims for injunctive relief, declaratory relief, and back pay under Rule 23(b)(2). *See Dukes*, 222 F.R.D. at 188. The Court did not examine a possible Rule 23(b)(3) class. *See generally Dukes*, 222 F.R.D. 137. On

appeal, the Ninth Circuit affirmed the district court's certification of a Rule 23(b)(2) class for current employees, as of the date the complaint was filed, and further held that:

> On remand, the district court should analyze whether certification under Rule 23(b)(2) or Rule 23(b)(3) is appropriate for punitive damages claims and whether an additional class or classes may be appropriate under Rule 23(b)(3) with respect to the claims of former employees. The court may, if appropriate, certify an additional class or classes under Rule 23(b)(3).

*Dukes*, 603 F.3d at 623-24. Wal-Mart then appealed that decision to the United States Supreme Court, which reversed class certification, while the issue of certifying a Rule 23(b)(3) class remained pending in the California district court. *See Wal-Mart*, 131 S. Ct. 2541. After the Supreme Court's decision, plaintiffs moved the district court to extend the tolling for the statute of limitations for all "formerly certified class members claims." (Hungerford Decl. ¶ 3, Ex. C.) The result of that motion was a district court order clearly and unambiguously extending the tolling period:

> All former class members who have an EEOC notice to sue shall have until October 28, 2011 to file suit. All former class members who have never filed an EEOC charge shall have until January 27, 2012 to filed charges with the EEOC in those states with 180 day limits and until May 25, 2012 to file charges with the EEOC in those states with 300 day limits [including Minnesota].

(Hungerford Decl. ¶ 3, Ex. F.)

Based on the clear language of the district court's decision above, the Court concludes that the determination by the Ninth Circuit was not a decertification or a denial of certification that constitutes a final determination that eliminated the plaintiff and other former employees who were not employed by Wal-Mart as of June 8, 2001 from the *Dukes* certified class. The Court finds persuasive the analysis of both the Fifth and Sixth

10

Circuit Court of Appeals regarding whether the Ninth Circuit's holding constituted a final denial of certification or decertification with respect to former employees like Catlin. *See Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315 (5th Cir. 2014); *Phipps v. Wal-Mart Stores, Inc.*, Civ. No. 13-6194, 2015 WL 4079441 (6th Cir. July 7, 2015). In *Odle*, the Fifth Circuit held that tolling did not cease when the Ninth Circuit issued its mandate, as Wal-Mart argued then and argues now, because the Ninth Circuit's *Dukes* opinion was not a final determination on certification for former Wal-Mart employees. *Odle*, 747 F.3d at 323. The Fifth Circuit explained that the Ninth Circuit's analysis could not have been a final determination on the district court's consideration of whether former employees could be certified under Rule 23(b)(3) because the district court "did not consider, much less deny, certification of the class of former employees under Rule 23(b)(3)." *Id.* at 322. Further, as noted in *Odle*, the Ninth Circuit itself did not examine the question and instead "instructed the California district court to consider the potential for class certification of those [former] employees under Rule 23(b)(3)." *Id.* at 321. Similarly, the Sixth Circuit Court of Appeals recently held that the plaintiffs' EEOC filings were timely because their claims were tolled by *American Pipe* and under the district court's tolling order. Specifically, the Court stated:

> The *Dukes* class action complaint and the original motion to certify a Rule 23(b)(3) class remained pending in the California district court after the Supreme Court decided *Dukes*. The limitations period was suspended under *American Pipe*, pursuant to the extension order entered by the California district court after *Dukes*, until May 25, 2012.

*Phipps*, 2015 WL 4079441, at *10. The Court agrees with these conclusions. Not only does the Court agree that neither the district court nor the Ninth Circuit examined

11

certification of a class of former employees under Rule 23(b)(3), but the Ninth Circuit also clearly directed the district court to consider and determine that very issue. This cannot constitute a final determination. Further, as referenced in *Phipps*, the district court's tolling order unambiguously tolls claims like Catlin's. And, as Plaintiff points out, Wal-Mart's representations at the hearing regarding tolling make clear that the district court and the parties understood that tolling is applicable to plaintiffs like Caitlin. (*See generally* Hungerford Decl. ¶ 3, Ex. E.) In sum, Catlin's claims were tolled until May 25, 2012 and because she filed in April 2012, they were timely.

Defendant's additional argument that, even if tolling ended with the district court's order rather than the Ninth Circuit's mandate, Plaintiff's claims would still be time barred because her claims had already expired before *Dukes* was filed on June 19, 2001, does not alter the Court's analysis above.

As Plaintiff explains, the so-called "single filing" or "piggy-backing" rule applies in this case. Under the "single filing" rule, a named plaintiff who filed a timely EEOC charge may bring a class action on behalf of class members who have not filed such a charge; thus, a class representative's timely EEOC charge tolls the statute of limitations for all putative class members to file charges. *See Clayborne v. Omaha Pub. Power Dist.*, 211 F.R.D. 573, 588-89 (D. Neb. 2002) (citations omitted) ("[I]f the charge of a class representative being relied upon is timely and not otherwise defective, and the individual claims of the filing and non-filing plaintiffs have arisen out of similar discriminatory treatment in the same time frame, class members who have not filed a charge of discrimination are allowed to pursue their claims as part of the class action.").

Plaintiff seeks to use the timely EEOC filing of Stephanie Odle ("Odle") as the relevant filing for purposes of applying the "single filing" rule in this case. Odle is a former named representative from *Dukes*, who entered the case when plaintiff Betty Dukes filed an amended complaint that included Odle as one of the putative named plaintiffs. Odle was dismissed as a named representative for improper venue, but remained a putative class member. It is undisputed that Odle filed a timely EEOC charge.

Here, Catlin fits squarely within the proposed class definition from the date that the Amended Complaint was filed. Further, she is within the class certified by the district court of: "[a]ll women employed at any Wal-Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal-Mart's challenged pay and management track promotions policies and practices." *Dukes*, 222 F.R.D. at 188. Thus, Catlin falls within the class at issue. Next, Odle was a named plaintiff who filed a timely EEOC charge, and under the single filing rule, a named plaintiff who has brought a timely EEOC charge can bring a class action on behalf of class members who have not filed timely charges. (Hungerford Decl. ¶ 3, Ex. B.) Catlin falls within this group as well.

The difference in this case is that Odle was dismissed as a named representative of the putative class. However, because Odle was a named plaintiff at the time the Amended Complaint was filed in *Dukes*, and further remained a class member, the Court concludes that Catlin can rely on her EEOC charge. As the California district court

already explained, class members like Catlin can rely on the timely charges of Odle. (*Id.*) Specifically, the district court stated:

> [T]his Court finds that for statute of limitations purposes under Title VII, the timeliness of [proposed Plaintiffs] Gunter and Williamson's ***claims can be established by former class representative and current class member Stephanie Odle's charges***. Wal-Mart received notice . . . [and] [t]he statute of limitations was tolled as to all class members with that filing. This Court's later dismissal of Odle [as a named representative] does not vitiate the notice occasioned by her charges. Accordingly, this Court finds that Gunter and Williamson, who both claim that they were employed and subject to discrimination as late as August 1999 (Gunter) and October 1999 (Williamson), need not file additional charges, as ***they may rely on the administrative compliance of former representative plaintiff and current class member (Odle)***, whose earliest charge was filed in October of 1999.

(*Id.* (emphasis added).) Further, the concern of adequate notice to Defendant has been addressed in this case because Odle was a clearly named representative at one time. (Hungerford Decl. ¶ 3, Ex. B ("It is clear from the factual record that Wal-Mart was put on notice regarding allegations of institutionalized discrimination against women as early as October 1999 and as late as April 2000 through Odle's EEOC charges, and definitely by July 8, 2001, when this action was filed.").) At the very least, because the statute of limitations is deemed tolled for all unnamed class members at the time a class representative files her administrative charge, the same should be true for a class member who was a former class representative and remained in the class based on equitable principles. (*See id.* (noting the applicability of equitable principles to its decision that Wal-Mart was adequately put on notice through Odle's charge).) Thus, the Court concludes that because Catlin was in the class covered by Odle's administrative filing, Catlin's claims were tolled.

In sum, tolling started on the date *Dukes* was filed, the tolling covered all members of class, that class included Catlin, that class also included Odle who was allowed to extend tolling with respect to charge-filing for exhaustion purposes for all class members and tolling continued until the date identified in the California district court's order relating to tolling which required Catlin to file her charge by May 2012, which she did. Thus, Catlin's charge and suit are timely for purposes of this lawsuit.[2]

B.  **Promotion Claim**

Defendant seeks dismissal of Catlin's promotion claims. Defendant asserts that the *Dukes* district court expressly declined to certify all claims "where no objective applicant data exists" and therefore any tolling for promotion claims ended on the date of that decision—June 21, 2004. *Dukes*, 222 F.R.D. at 182. "Objective applicant data," according to Defendant, refers to applying for a promotion through Wal-Mart's formal systems. Defendant further asserts that Catlin's complaint lacks any facts that she formally applied for a promotion position and, in fact, that Catlin directly alleges that she only applied for a promotion verbally.

Plaintiff counters that the *Dukes* district court did not decline to certify promotion claims where "no objective data exists," but instead certified all promotion claims and only limited *relief* where there was no such "objective data." The Court agrees.

The *Dukes* district court explicitly stated:

---

[2]  In light of the Court's determination on the merits, the Court does not address Plaintiff's argument regarding estoppel. However, the Court notes that it would likely find that at least some form of estoppel applies in this case.

15

> The Court certifies the following class for purposes of liability, injunctive and declaratory relief, punitive damages, and lost pay, *except that* class ***members for whom there is no available objective data documenting their interest in challenged promotions shall be limited to injunctive and declaratory relief with respect to plaintiffs' promotion claim***: All women employed at any Wal–Mart domestic retail store at any time since December 26, 1998, who have been or may be subjected to Wal–Mart's challenged pay and management track promotions policies and practices.

*Dukes*, 222 F.R.D. at 188. Further, as Catlin notes, taking the allegations in her complaint as true, she has alleged that: she applied for the manager opening; she applied verbally with the lead human resources and payroll personnel; and that Wal-Mart retained records and data documenting jobs openings and employee interest therein. (*See* FAC ¶¶ 32-34.) This sufficiently supports the inference that Catlin's promotion position was posted and that her interest may have been tracked in Wal-Mart's system, even if she expressed that interest verbally. As alleged, Plaintiff's claim does not fall within that universe of claims that were definitively not tracked and were not posted. Catlin's allegations are therefore not explicitly precluded by the district court's analysis and are sufficient at this stage in the proceedings to overcome Defendant's motion to dismiss.

## II. Exhaustion

Defendant seeks dismissal of Plaintiff's claims on the grounds that she failed to exhaust her administrative remedies by failing to include sufficient factual allegations in her EEOC charge.

In order to pursue a Title VII discrimination claim, a plaintiff must exhaust her administrative remedies and to do so a plaintiff's charge must "be sufficient to give the

16

employer notice of the subject matter of the charge and identify generally the basis for a claim." *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 697 (8th Cir. 2009) (quotation omitted). The purpose of this requirement is to allow for a method for resolving issues prior to the filing of a lawsuit. *See Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Further, "[i]n order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation." *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999); *see also* 42 U.S.C. § 2000e-5(e)(1) (a charge shall include "the date, place and circumstances of the alleged unlawful employment practice"). The allegations in a subsequently filed lawsuit must relate to the same conduct and individuals as charged with the EEOC; put another way, the civil claim must "grow[] out of" or be "reasonably related to" the administrative charge. *Fanning v. Potter*, 614 F.3d 845, 851-52 (8th Cir. 2010) (quotation omitted); *see also, e.g.*, *Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012) (affirming dismissal of national origin claim where plaintiff's EEOC charge "only briefly refer[red] to tribal affiliation").

Defendant argues that Catlin's charge is so boilerplate that it fails to meet the most basic requirements of an adequate charge. Specifically, Wal-Mart states that the charge "provides no indication what her pay rate was, what pay rates male Associates performing the same job may have received, what promotions she was allegedly denied, when these positions were opened, who was selected for these positions, or even whether

17

she actually applied for the open position(s)." (Doc. No. 8 at 14.) As a result, according to Wal-Mart, it was never put on notice of Catlin's claims.

Catlin counters that her charge identified the store she worked in, her dates of employment, her earning status (hourly employee), the type of discrimination at issue, and the context of Wal-Mart's conduct (pay and promotion). Catlin asserts that the charge requires no more detail.

The Court concludes that Catlin's allegations are sufficient to meet the requirement of putting Wal-Mart on notice of the claims against it and, as such, are sufficient for purposes of overcoming Defendant's motion to dismiss at this stage in the proceedings. Catlin alleges the circumstances of her alleged discrimination. Particularly, when considered in conjunction with her additional responses to the EEOC, Catlin has alleged details that include a time period, the individuals involved, and the type of discrimination at issue. It should be clear to Wal-Mart which practices Catlin complains of and where and when they occurred—that is, Catlin has alleged pay and promotion discrimination in 2000 at the Rochester, Minnesota store.

Further, the allegations in Catlin's complaint are more than sufficiently tied to the subject matter and allegations of her EEOC charge. The allegations found in the EEOC charge and additional responses are virtually identical to those found in the Complaint and FAC. Thus, her action also cannot be dismissed on the grounds that it is not sufficiently related to the allegations and claims found in the EEOC charge. In sum, Catlin's EEOC charge is adequate to proceed with this suit and Defendant's motion on this ground is denied.

## CONCLUSION

Catlin has adequately stated her claim for sex discrimination such that she can overcome Defendant's motion to dismiss at this stage in the proceedings. Further, Catlin's EEOC charge and suit were timely because tolling applies to her claim. Although the procedural posture in this case is admittedly complex, overall, it was reasonable for Catlin to rely on the ongoing *Dukes* proceedings in deciding to wait to file her suit. Thus, Defendant's motion is denied.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Wal-Mart's Motion to Dismiss Plaintiff's Complaint (Doc. No. [6]) is respectfully **DENIED**.


Dated: August 19, 2015	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge